## SOUTHERN COTTON MILLS *v.* RAGAN *et al.,* receivers.

1. A sale by a receiver appointed by a court is a judicial sale, and the maxim caveat emptor applies to such a sale.
2. Where such a sale is made, equity will not set it aside at the instance of the purchaser, in the absence of fraud or mutual mistake, and where the purchaser is guilty of laches in complaining, and fails to show an ability and offer to restore the status.
3. Under the principles announced in the preceding notes the petition was properly dismissed on demurrer.

AUGUST 15, 1912.

Equitable petition. Before Judge Martin. Pulaski superior court. July 19, 1911.

In a case of the Planters Bank, trustee etc., *v.* Hawkinsville Cotton Mill, a corporation, Ragan and Lovejoy were appointed receivers for the manufacturing plant of the Hawkinsville Cotton Mill. The Southern Cotton Mills, a corporation, brought its petition against such receivers. The substance of the petition, so far as is here material, is as follows:

"3. That in connection with the said Hawkinsville Cotton Mill corporation, and attached thereto, was an electric plant of the value of $12,000 or more, consisting of all the machinery and apparatus together with poles and wires necessary for the operation of the electric plant, and in connection therewith was a franchise of what was purported and represented to be a franchise granted by the City of Hawkinsville, and under a contract with said City of Hawkinsville the said Hawkinsville Cotton Mill was to furnish said city and its inhabitants with electric lights for a term of 10 years.

"4. That the said receivers were authorized and ordered by your honor to dispose of said property by public sale; that they were unable to make a fair disposition of the same by public sale, but your petitioner, through J. C. Cooper of the county of Fulton, negotiated for the purchase of said property including the franchise and the contract of the City of Hawkinsville for the lighting of the same; that negotiations proceeded and were consummated by a proposition to purchase on the part of J. C. Cooper, and an acceptance of the same by the said receivers, at private sale; that a report of said proposition and acceptance was submitted by the receivers to your honor, and your honor in the exercise of your powers as chancellor authorized the acceptance of the same and

confirmed said sale. The order authorizing and confirming the said sale is a matter of record, and the petitioner prays leave to refer thereto as often as necessary.

"5. That in pursuance of said sale, on the first day of March, 1909, the said receivers made and executed and delivered to petitioner a deed, a copy of which is hereto attached, marked Exhibit 'A,' to which leave of reference is prayed, by which the said receivers purport to convey all of said property, including the franchise granted by the said city to said mills, for the sum of $10,000 in cash and a promissory note for $5,000, dated January 1, 1909, bearing interest at 8%, and $2,000 of the stock of petitioner, and in addition thereto petitioner was to assume payment of fifty 6% bonds of the said Hawkinsville Cotton Mill, each of the value of $1,000, held by said trustee.

"6. That your petitioner paid through J. C. Cooper the said $10,000 in cash, and took possession of said property. . .

"10. Your petitioner upon investigation ascertained that there was no such thing as an electric franchise granted by the City of Hawkinsville to the said mill, which the deed purported to convey; and he also ascertained that under its terms the deed did not really convey the poles and wires which are located along the streets and highways in the City of Hawkinsville and adjacent thereto.

"11. Said electric plant was of the value of $12,000 or more, as shown by the representation of the receivers who offered the same for sale in connection with the manufacturing plant; the said sum being an amount required to construct the said plant; and in addition thereto there was the value of the franchise or contract for the lighting of the City of Hawkinsville. . .

"13. Petitioner was informed that the money paid by Cooper for it in the purchase of said property is now in the hands of the receivers, with the exception of a small amount which has been paid out, but that said receivers are paying out and will continue to do so unless enjoined. Petitioner does not undertake to say how it happened that in the making of the deed the electric plant and the franchise with the valuable contract with the City of Hawkinsville was not conveyed in the deed; but he presents the facts as they exist to your honor exercising chancery powers in the super-

·vision of the estate in the hands of the receivers appointed by the court.

"14.　But petitioner does charge that said deed was not made in conformity with the negotiations, and the same should be cancelled and the sale set aside, for the following reasons: 1. Because the receivers never had the franchise which they offered to sell, and which constituted a large element of value in the property purchased by petitioner. 2. That petitioner, in the purchase of said property from the receivers, was largely induced to buy it by the fact that the franchise and electric plant was a part of the property, and he has utterly failed to get a title thereto. 3. The sale is absolutely void, for the reason that the receivers had no title to the property which they purported to convey.

"15.　Petitioner shows that by his failure to obtain the property that he purchased he has been injured and damaged in the sum of $20,000.00. .

"17.　Petitioner stands ready to account for the earnings of the mill and electric plant during the operation of the same from the time that it took charge of said plant until it was closed.

"18.　The premises considered, petitioner prays: 1. That the receivers be enjoined from disposing of any money paid by petitioner, or J. C. Cooper for petitioner, in the purchase of said property, until further orders of the court. 2. That the deed purporting to convey to petitioner the said manufacturing plant and franchises be cancelled, and that petitioner be repaid the money which he has paid for same, or whatever amount be due it upon an accounting of the operations of the plant during its possession of the same. 3. That in any event petitioner should be repaid the value of the franchises and the electric plant and the contract purported to be existing between said Hawkinsville Cotton Mills and the City of Hawkinsville for the lighting of said city and the furnishing of light to its inhabitants, to wit, the sum of $12,000. 4. That inasmuch as the manufacturing plant is not now in operation and the title to the same is involved, and the former receivers in charge of the same are parties defendant to petition, ask that receivers be appointed to take charge of said property and hold it during the disposition of the issues raised by the petition."

The petition was filed December 22, 1909. It was demurred to,

both generally and specially, by the receivers. The demurrers were sustained, and the petitioner excepted.

*Robert L. Berner* and *John R. Cooper*, for plaintiff.

*W. L. & Warren Grice* and *Hardeman, Jones, Callaway & Johnston*, for defendants.

ATKINSON, J. A sale by a receiver appointed by a court is a typical judicial sale, and the maxim caveat emptor applies to such a sale. The purchaser must look for himself as to the title and soundness of the property sold. Civil Code, § 6054; Campbell *v.* Parker, 59 N. J. Eq. 342 (45 Atl. 116). Such sales are by the court, and there is no one to go back on if the buyer takes nothing. Fraud will vitiate such a sale; and where it is made to appear, it will authorize the court to set it aside. *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136). But in the petition under consideration no fraud or misrepresentation on the part of the receivers in relation to the sale by them was alleged. It is true that the petition alleges that an electric-lighting plant was connected with the Hawkinsville Cotton Mill, "and in connection therewith was a franchise of what was purported and represented to be a franchise granted by the City of Hawkinsville, and under a contract with said City of Hawkinsville the said Hawkinsville Cotton Mill was to furnish said city and its inhabitants with electric lights for a term of 10 years;" but it does not appear from the petition how this was purported and who represented it to be true. The petition further alleges that the petitioner, through Cooper, negotiated with the receivers for the purchase of the property of the Hawkinsville Cotton Mill, "including the franchise and the contract of the City of Hawkinsville for the lighting of the same," and that the proposition made by the petitioner to purchase all of such property was accepted by the receivers under the authorization of the judge, and that the sale made in pursuance thereof was subsequently confirmed. There is nothing, however, in such allegations which shows that the receivers did not in good faith believe that the Hawkinsville Cotton Mill had a franchise for the operation of the lighting plant, and a contract with the City of Hawkinsville for the lighting of its streets. While a court of equity would doubtless relieve a purchaser at a receiver's sale, where it was made to appear, before the completion of the sale and purchase, that he had acted in good faith and in the exer-

cise of ordinary diligence, and the relief granted to him would not prejudicially affect the rights of any one, yet a strong case must be presented before such a purchaser would be granted relief, where a sale has been made and confirmed, the conveyance of the property executed and delivered, and the purchaser put in possession. The petition here presented no such case. The sale was made and confirmed, the conveyance was executed and delivered, and the purchaser was placed in possession of the manufacturing plant of the Hawkinsville Cotton Mill and the electric-lighting plant connected therewith, and operated both the manufacturing and the electric plant until November, 1909, being a term of several months duration. So far as appears from the petition, the purchaser exercised no diligence in ascertaining whether the City of Hawkinsville had granted a franchise to the Hawkinsville Cotton Mill for operating the electric-lighting plant, or whether the city had entered into a contract with the Hawkinsville Mill for the lighting of its streets for a given term. An inquiry of the clerk of the city council or an examination of its minutes, either of which could have readily been made, would certainly have developed whether such franchise and contract existed. Furthermore, no reason is alleged for the long delay after the consummation of the sale before the purchaser ascertained that there was no such franchise and contract. Absolutely no excuse is alleged why the purchaser failed to ascertain why the conveyance executed by the receivers did not cover the electric plant, the franchise for operating the same, and the contract with the City of Hawkinsville. A mere reading of that instrument would have disclosed the property conveyed therein, and that it did not convey the electric plant, the franchise for conducting it, and the contract with the city. In this connection see *Wylly* v. *Gazan,* 69 *Ga.* 506 (5), and citations. There is not even an offer on the part of the purchaser to return the property purchased to the receivers, but the appointment of other receivers is prayed, which this court, when the case was formerly here, decided that the purchaser was not entitled to. And even if such a prayer could be considered as tantamount to an offer to return the property to the court or the receivers it had already appointed, there is nothing in the petition to show that the property was in the same condition or of equal value at the time of the filing of the petition as it was when the

sale was consummated and the petitioner put in possession thereof. The petition, on the other hand, discloses the fact that the manufacturing plant had been closed and was not in operation at the time of the filing of the petition; for what cause it is not suggested. While an accounting is prayed between the receivers and the petitioner, the latter merely offers "to account for the earnings of the mill and the electric plant during the operation of the same from the time that [the petitioner] took charge of said plant until it was closed." Certainly the mere earnings made by the purchaser from the property during that time were not what it was bound to account for, even if an accounting such as prayed for could be had. The earnings may have been little or nothing and solely because of the fault of the purchaser in operating the property. Furthermore, it is not made to appear from the petition that the rights of the bondholders of the Hawkinsville Cotton Mill and its other creditors would not be injuriously affected upon the cancellation of the conveyance made by the receivers. The petition shows that some of the purchase-money paid to the receivers has been paid out by them. How much is not alleged. From what we have said we find no difficulty in coming to the conclusion that the court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*