## 55092. AMERICAN DRUGGIST INSURANCE COMPANY v. GEORGIA POWER COMPANY.

McMURRAY, Judge.

In seeking electrical service for its motel, Passport Inn of America, Inc. was required by Georgia Power Company, before supplying such services, to put up a cash deposit of $5,000. In lieu of the cash deposit the owner of the motel submitted a surety bond in the amount of

$5,000. The bond or agreement of surety which was accepted in lieu of the cash was obtained from "American Druggists Ins. Co.," an Ohio corporation. It was signed by "Alta P. Osborne" with no title given, although the word title was in brackets beneath her name with the names "American Druggists Ins. Co." followed by "Osborne Bonding & Surety Co., Inc." appearing above the signature "Alta P. Osborne." This agreement held and seemingly bound "American Druggists Ins. Co." unto Georgia Power Company for any and all indebtedness of Passport Inn of America, Inc. "6326 Old Dixie Highway, Jonesboro, Ga. wherever electric service is provided and whenever incurred" subsequent to "8-27-75" but not to exceed $5,000. The instrument also, among other things, acknowledged that so much of Code Ann. § 103-210 (Ga. L. 1973, p. 825) as entitles the corporate surety to 60 days upon receipt from Georgia Power Company of notice of the default of Passport Inn of America, Inc. to commence to remedy the default or otherwise commence performance in accordance therewith, to have only 10 days upon notice of the default of Passport Inn of America, Inc. to commence to remedy the default or otherwise commence performance of its bond. "American Druggists Ins. Co." expressly waived a number of other statutory rights granted it under Code Ch. 103-2, particularly Code § 103-205 to require Georgia Power Company to first sue the principal.

Georgia Power Company sued "American Druggists Insurance Company, . . . duly authorized to engage, and is engaged in the general surety business in the State of Georgia, having as its agent, Osborne Bonding and Surety Co., Inc.," for the sum of $5,000 as per the agreement of surety. In addition, it sought $1,250 as damages for the refusal in bad faith to pay and for reasonable attorney fees for the prosecution of this action. It alleged all of the above facts, and further, that electrical service was provided up and until February 26, 1976, at which time the account of Passport Inn of America, Inc. allegedly showed a deficit balance of $6,073.72 owing to plaintiff, that a demand for payment was made. Passport Inn of America, Inc. failed and refused to make payment. Demand was then made on defendant to pay the $5,000

surety bond. It failed and refused to pay, which refusal is alleged to have been made in bad faith.

Defendant answered, generally denying the claim, and specifically denied that the surety instrument was executed by it. It further denied that same was properly executed, or that Alta P. Osborne was authorized by it to execute the agreement, and specifically denied the existence of the agreement, any indebtedness and any bad faith in the transaction.

Plaintiff moved for partial summary judgment as to the sum of $5,000 plus interest and costs (leaving for a jury trial the remaining issue as to bad faith and reasonable attorney fees), based upon interrogatories, requests for admissions and an affidavit. The motion was considered by the trial court, and the "Agreement of Surety" was declared, as a matter of law, to be a contract of surety, duly executed by "Osborne Bonding and Surety Co., Inc. under a power of attorney extended to it by the Defendant. . ." The instrument was held enforceable under Code Ann. § 56-835b (Ga. L. 1960, pp. 289, 452), that it was not necessary to first proceed against the principal of said agreement, and that all conditions precedent to the enforcement of said agreement had been met. Plaintiff was awarded judgment in the sum of $5,000 plus interest at the rate of 7% from date of judgment and the cost of this action. The remaining issues as to whether defendant had acted in bad faith, entitling the plaintiff to recover 25% penalty and reasonable attorney fees pursuant to Code Ann. § 103-210, supra, was to be thereafter set down for a trial by jury. Defendant appeals. *Held:*

All of the enumerations of error are concerned with whether or not there was sufficient evidence of fact so as to demand a finding in favor of the plaintiff for the grant of partial summary judgment. Some of these involve matters of law and others as to the establishment of fact, all of which must demand judgment in favor of the plaintiff in order for it to prevail, that is, no material issue of fact remaining for a jury to determine.

1. The first two enumerations of error contend that plaintiff had failed to carry the burden of proof as to debt and that there was a material issue of fact remaining for

jury determination in regard thereto.

The defendant did not deny the indebtedness of Passport Inn of America, Inc., but in its answer said that it could "neither admit nor deny" for "lack of knowledge." The affidavit of John Adams, plaintiff's accounting supervisor responsible for all records relating to the business of Georgia Power Company to include accounts receivable, testified that there was a deficit balance of "$6,073.72," and which was "in the name of Passport Inn of America, Inc."; that plaintiff had made demand for payment and same had been refused by "Passport Inns of America." However, the sworn affidavit of Adams did not state in the jurat that the affidavit was made upon personal knowledge, and it remains for determination here whether or not the facts stated therein were presumably within the personal knowledge of the affiant by reason of his position with the plaintiff. In a brief to the trial court, in response to plaintiff's motion for summary judgment, filed on August 17, 1977, defendant stated his objections to the affidavit of Adams as to the facts stated therein as not being upon his own personal knowledge, citing *Ga. Hwy. Express v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215). The motion for partial summary judgment was thereafter granted on September 1, 1977. Therefore, based on *Ga. Hwy. Express v. W. D. Alexander Co.,* 124 Ga. App. 143, supra, the facts stated in the affidavit of John Adams cannot be accepted as established, and with particularity the claim that, "said account reflects a deficit balance of $6,073.72." See also *Greene v. C. & S. Bank,* 134 Ga. App. 73, 74 (1) (213 SE2d 175). Accordingly, defendant's first two enumerations of error are meritorious.

2. Defendant offered the affidavit of Harry B. Osborne, president of "Osborne Bonding Company" and agent for "American Druggist Insurance Company" that he was "the only duly authorized agent for American Druggist Insurance Company in Osborne Bonding Company" and that "Alta Osborne" at no time was authorized to execute civil bonds on behalf of "Osborne Bonding Company or American Druggist Insurance Company," and that "Alta Osborne" had no such license to execute civil bonds nor authority to act on behalf of

American Druggist Insurance Company, hence the bond executed by her on behalf of American Druggist Ins. Co. was a nullity. This affidavit did not raise an issue of fact thereon since the admitted power of attorney of "American Druggists' Insurance Company," an Ohio corporation, of the City of Cincinnati, had "made, constituted and appointed, and does by these presents, make, constitute and appoint Osborne Bonding & Surety Co., Inc. of 1211 No. Main St., Jonesboro, Ga. 30236," "its true and lawful Attorney-in-fact with full power and authority hereby conferred to sign, seal and deliver in its behalf as Surety, any and all kinds of Surety Bonds, and to bind American Druggists' Insurance Company thereby as fully and to the same extent as if such instruments were signed by the duly authorized officers of American Druggists' Insurance Company and all the acts of said Attorney-in-fact, pursuant to the authority hereby given, are hereby ratified and confirmed, provided that the liability of the Company as surety on any such bond executed under this authority shall not exceed the sum indicated hereon." Defendant also admitted receiving a $250 premium for the execution of the agreement on August 30, 1975. It is here noted that the agent authorized to sign surety bonds by American Druggists Ins. Co. was not "Osborne Bonding Co." Defendant likewise admitted that *Alta P. Osborne* was on September 2, 1975, the date of the surety agreement, president of "Osborne Bonding and Surety Co., Inc.," and that demand was made for payment. The affidavit of Harry B. Osborne was totally insufficient to raise an issue of fact as to whether or not Alta P. Osborne was president of Osborne Bonding and Surety Company, Inc. since the president is presumed to have authority to execute the instrument as its alter ego. See *Walker v. Joanna M. Knox & Assoc.,* 132 Ga. App. 12 (1) (207 SE2d 570). Further, since a premium was paid for the "Agreement of Surety" defendant cannot repudiate the contract without first returning the premium. *Alexis, Inc. v. Werbell,* 209 Ga. 665, 669 (1e) (75 SE2d 168). In addition, Code § 56-835b (Ga. L. 1960, pp. 289, 452) provides that any contract of (surety) insurance issued or countersigned by a person prohibited by law from issuing or countersigning it "shall not be rendered

unenforceable by reason of such violation. . ." There is no merit in the complaint that Alta P. Osborne was not authorized as agent for Osborne Bonding and Surety Company, Inc. and that her signature thereon rendered the surety bond unenforceable. In addition, Code § 56-602 (1) (Ga. L. 1960, pp. 289, 379), provides that even if the contract of (surety) insurance was effectuated by an unauthorized agent, it is not voidable "at the instance of the insurer. . ."

3. The intentions of the parties control as to whether an instrument is one of surety or guaranty. See *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 895 (1) (216 SE2d 651). It is amply clear from the instrument here that it is one of surety insurance and was executed for the purpose of having Georgia Power Company forbear from seeking to compel Passport Inn of America, Inc. to make a cash deposit as a condition for furnishing electric service. The insurer clearly stated that it held itself bound unto Georgia Power Company "for any and all indebtedness" of Passport Inn of America, Inc. "wherever electric service is provided and whenever incurred subsequent to 8-27-75, but not to exceed . . ." $5,000. Defendant also expressly waived any rights it had under Code § 103-205, and any notice in writing to require Georgia Power Company to first proceed to collect the debt from Passport Inn of America, Inc. The trial court did not err in holding the instrument was an agreement of surety. See *Graybar Elec. Co. v. Opp,* 138 Ga. App. 456 (226 SE2d 271). Consideration here clearly flowed to the principal. See Code § 103-101. Defendant also admitted the agreement is one of surety by admitting the power of attorney extended by it to Osborne Bonding & Surety Company, Inc.

4. But, for the lack of proof to support the partial motion for summary judgment which plaintiff sought to supply with the insufficient affidavit of its agent, John Adams, the trial court erred in granting same.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 11, 1978 — DECIDED FEBRUARY 28, 1978.

*Watson, Brown, Foster & Murphy, Larry A. Foster,* for appellant.
*Arnold & Bray, C. Crandle Bray,* for appellee.