57051. THOMASSON v. TRUST COMPANY BANK et al.

SHULMAN, Judge.

Plaintiff-appellant Thomasson filed suit against defendant-appellee Trust Company Bank, alleging that his loan contract had been breached. Appellee answered and counterclaimed for the unpaid balance of the loan. Appellee moved for summary judgment, and affidavits for both parties were submitted. After a hearing, the trial

judge granted the motion and appellant appeals.

It is urged that the grant of summary judgment was error because the affidavit submitted by the appellee in support of its motion did not meet the requirements of Code Ann. § 81A-156 (e). This argument is well taken.

The record reveals that appellee's affiant, Talmadge E. Scott, was the custodian of the Trust Company Bank's records relating to appellant's loan. The affidavit was made on "personal knowledge" and made reference to certain documents marked as "Exhibits" and alleged to be attached to the affidavit. Our record, however, contains only Mr. Scott's affidavit, no "Exhibits" being attached thereto.

Appellant objected to Mr. Scott's affidavit because "Talmadge E. Scott has never dealt personally with the [appellant] and consequently Talmadge E. Scott cannot possibly have personal knowledge of the transactions which are material to this lawsuit." In his own affidavit, appellant swore he "never dealt with Talmadge E. Scott on a personal basis in borrowing any money as reflected by the loans referred to in this action, and had never met Talmadge E. Scott prior to bringing this action."

Appellee does not claim that its affiant actually engaged in the transactions with appellant. Rather, it urges that since Mr. Scott was the custodian of records which were admissible into evidence under Code Ann. § 38-711 even though he lacked personal knowledge of the making thereof (*Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629)), "the affidavit is used merely to introduce those documents."

In determining whether Mr. Scott's affidavit meets the requirements of Code Ann. § 81A-156 (e) and, thus, whether the grant of summary judgment was proper, we start with the principle that the admissibility of evidence on motion for summary judgment, whether contained in affidavits or otherwise, is subject to the rules relating to the admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would generally be inadmissible on motion for summary judgment. *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864). Likewise, evidence which would be admissible on a hearing of the case would generally be admissible on motion for

summary judgment.

Code Ann. § 38-711 permits the introduction of evidence concerning records made, kept and maintained in the regular course of business even though the witness may have not personally kept the records himself and thus has no personal knowledge of the transactions which they record. *Robinson v. Reward Ceramic &c. Mfg., Inc.,* 120 Ga. App. 380 (6) (170 SE2d 724). "The purpose of Code Ann. § 38-711 is to allow the determination of records without the necessity of producing all the various clerical personnel who made the entries." *Timothy McCarthy Const. Co. v. Southern Detectives, Inc.,* 125 Ga. App. 205, 206 (186 SE2d 895) and cits.

Therefore, this court has held that an affidavit, submitted in support of a motion for summary judgment, which satisfies the requirements of Code Ann. § 38-711 likewise meets the requirement of Code Ann. § 81A-156 (e) that such an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (3) (237 SE2d 622).

We therefore reach the question of whether the appellee's affidavit meets the requirements of Code Ann. § 38-711. That Code section required as a condition precedent to admissibility that there be evidence which shows that the writing or record offered is a memorandum or record of an act, transaction, occurrence, or event made in the regular course of business, and that it was the regular course of business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. *Martin v. Baldwin,* 215 Ga. 293 (4) (110 SE2d 344). Mr. Scott's affidavit does not contain the preliminary proof required under Code Ann. § 38-711 to establish that the records referred to were made in the regular course of business as defined under that Code section. Rather, the affidavit merely recites Mr. Scott's title, that he is the custodian of certain records, and makes reference to certain documentary "Exhibits" which do not appear in our record. This is to be compared with the affidavit in

*Vaughn & Co. v. Saul,* supra, p. 79, which referred to records "maintained in the regular course of business" made "at or near the time of" the financial and accounting entries and computations involved.

Absent the preliminary proof required to qualify under Code Ann. § 38-711, the affiant's statements as to facts, the knowledge of which he obtained from records not personally kept by him, were hearsay and had no probative value. *Central of Ga. R. Co. v. Jaques & Tinsley Co.,* 23 Ga. App. 396 (1) (98 SE 357). Compare *Ghingold v. Ghingold,* 228 Ga. 515 (186 SE2d 747); *Hope Elec., Inc. v. Gemini Const. Co.,* 146 Ga. App. 636 (2) (247 SE2d 149).

Appellee's affidavit being insufficient under Code Ann. § 81A-156 (e), the appellant having submitted affidavits in opposition to the motion, and the evidence being construed most favorably for appellant, we hold that appellee has failed to carry its burden under Code Ann. § 81A-156 (c) of showing that there is no genuine issue as to any material fact. *Capital Automobile Co. v. GMAC,* 119 Ga. App. 186 (1) (166 SE2d 584).

The grant of summary judgment was improper.

*Judgment reversed. Deen, C. J., and McMurray, J., concur.*

ARGUED JANUARY 8, 1979 — DECIDED APRIL 4, 1979.

*Richard E. Thomasson, O. H. Williamson,* for appellant.

*Bussey & Thomas, Antonio L. Thomas, David Webb, John Nuckolls,* for appellees.