66158. WHITAKER v. TRUST COMPANY OF COLUMBUS.

BIRDSONG, Judge.

Summary Judgment. On September 20, 1976, Mrs. Whitaker executed a promissory note and security deed pledging a home in support of certain of her husband's debts. She also guaranteed those debts not to exceed $13,000, the amount of the note. Mr. Whitaker ultimately defaulted on the debts. On June 13, 1979, Mrs. Whitaker brought a complaint seeking to show that she was mentally incompetent at the time she executed the note, security deed and guaranty. Shortly after the suit was filed by Mrs. Whitaker to relieve her of liability of her husband's debts, Trust Company moved to foreclose on its security deed and note as those documents authorized. On September 14, 1979, Mrs. Whitaker amended her complaint to seek the issuance of an injunction to preclude Trust Company proceeding with the foreclosure pending decision of her competency to bind herself to the indebtedness. That motion for injunction was denied on September 28, 1979. Pursuant to its right, Trust Company foreclosed on the property and sold it to itself on November 6, 1979 realizing $24,296.61 at the foreclosure sale. The foreclosure was confirmed on December 18, 1979. A jury trial was held on the mental competency question on March 19, 1980, and a jury found for Trust Company in the amount of $14,075.89. Judgment was

entered for Trust Company on June 6, 1980.

No appeal ever has been filed to any of those actions. On May 26, 1981, Mrs. Whitaker filed a second suit against Trust Company alleging that there was approximately $18,000 remaining from the forced sale of the home after Trust Company's debt was fully satisfied. Mrs. Whitaker sought to recover this $18,000 plus $10,000 penalty for Trust Company's stubborn litigiousness. Trust Company answered contending that any claim for excess funds was barred by the doctrine of res judicata. Trust Company moved for summary judgment which was granted. Mrs. Whitaker now brings this appeal contending several irregularities in the trial court's grant of the summary judgment. *Held:*

1. In her first enumeration of error, Mrs. Whitaker complains that the trial court erred in considering an affidavit filed by the president of Trust Company, primarily because the majority of the documents attached to the affidavit and referred to therein were legal documents which needed to be identified by the custodian of those documents, the clerk of the court rendering the judgments reflected in those documents and for that reason could not be matters of personal knowledge of the affiant. This record fails to indicate that Mrs. Whitaker ever objected to the consideration of this affidavit at any time before the trial court.

". . . [I]t would be unfair to the trial jurist for this court to be permitted to consider this appeal without consideration of the same record including this affidavit sub judice which the trial judge recognized as creating a factual issue. Furthermore, to disregard the affidavit now under attack would call upon us to consider the case on a completely different basis from that presented below and this would be contrary to the line of cases . . . holding, 'He must stand or fall upon the position taken in the trial court.' " *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 481 (191 SE2d 298). There being no objection at the appropriate time to the trial court's consideration of the affidavit of the bank's president, the trial court did not err in granting summary judgment based thereon. *Bell v. Sellers,* 248 Ga. 424, 426 (1) (283 SE2d 877). See also *Chapman v. McClelland,* 248 Ga. 725, 726 (286 SE2d 290).

2. We observe that the president's affidavit affirmed that all the information contained in the affidavit, including the contents of its attachments, was based upon his personal knowledge. Such an averment meets the requirements of OCGA § 9-11-56 (e) (Code Ann. § 81A-156). A statement in an affidavit that it is based upon personal knowledge generally is sufficient, especially when its averments are supported by attachments to the affidavit. *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178). That affidavit reflects that

as a result of Mrs. Whitaker's suit, Trust Company had recovered a judgment against her in the amount of $14,075.89, principal and interest. The security deed furnishing the underlying cause of action on behalf of Trust Company authorized Trust Company not only to recover the principal and interest but if it were required to collect the debt by resort to legal action, Trust Company was entitled to recover all costs, including attorney fees, costs of court and any other ancillary costs. The president's affidavit showed that Trust Company incurred total costs of litigation of $10,364.48 and additional payments to the holder of the first mortgage on the property in an amount of $2,184. In all, Trust Company incurred costs, including the original indebtedness, of $26,624.37, a sum substantially in excess of the $24,296.61 realized from the sale at foreclosure. In its order confirming the sale, the trial court affirmatively found as a matter of fact that the sale brought the true market value, and the return was insufficient to satisfy the entire indebtedness. This basis for this finding was not disputed either at the confirmation hearing or at the hearing on the temporary injunction.

In spite of this factual situation, Mrs. Whitaker, in her second enumeration of error, alleges the trial court disregarded questions of fact and thus erroneously granted summary judgment. We experience difficulty in reaching such a conclusion. OCGA § 9-12-40 (Code Ann. § 110-501) provides the "judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until such judgment is reversed or set aside." See *Best v. Ga. Power Co.,* 224 Ga. 669 (164 SE2d 125); *Leggett v. Gibson-Hart-Durden Funeral Home,* 123 Ga. App. 224, 225 (180 SE2d 256). An order confirming judicial sale is final and conclusive to the same extent as any other adjudication by a court of competent jurisdiction. *Southern Cotton Mills v. Reagan,* 138 Ga. 504 (2) (75 SE 611). Thus we perceive the doctrine of res judicata applies to the order confirming the foreclosure and now is final. That order concluded there were no surplus funds to be awarded. When one considers the affidavit of the bank's president, as we conclude the trial court properly could, that affidavit established that the bank's collectible debt and allowable expenses exceeded the amount of the proceeds of the foreclosure sale. There is no merit in this contention.

3. In one of her enumerations, Mrs. Whitaker argues that the bank made certain promises to her husband (which she relied upon) which promises resulted in an oral contract to forbear taking the property, or alternatively payment of the surplus, or even return of

the property to the Whitakers. However, there is no such allegation in the complaint of Mrs. Whitaker and thus such a position was not a part of the summary judgment of the trial court. Her complaint seeks the return of $18,000 surplus. Mrs. Whitaker was obligated to seek the return of any surplus or assert it as a defense at the confirmation hearing or at the trial of the issue of mental competency, both of which occurred prior to the filing of the last suit for the return of the asserted excess emanating from the foreclosure on the pledged property. See *Howard Concrete Pipe Co. v. Cohen,* 139 Ga. App. 491 (229 SE2d 8); *Blount v. Kicklighter,* 125 Ga. App. 159 (4) (186 SE2d 543). Her failure to raise a claim for surplus at the earlier unchallenged verdicts rendered against her make the present claim subject to the bar of res judicata. *Best v. Ga. Power Co.,* supra.

4. In the original order of the trial court confirming the foreclosure in 1979, the trial court ordered the Whitakers to vacate the premises and surrender the same to the bank. Nevertheless in spite of demands for possession, the Whitakers remained in possession. In its order on summary judgment, the trial court once again ordered the Whitakers to vacate and surrender the property to the bank. Mrs. Whitaker complains that the bank's answer, counterclaim and motion for summary judgment did not request possession; therefore, the court's order exceeded the request for relief. However, the bank prayed for such further and equitable relief as the court deemed just and proper. In his affidavit the president of the bank stated that the bank continued to suffer costs because the Whitakers refused to vacate. In view of the original order of the court directing the Whitakers to vacate and surrender the premises to the bank, we find no abuse of discretion by the court in affording just and equitable relief to the bank by enforcing its original order to vacate and surrender in the last order granting summary judgment.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 20, 1983 —
REHEARING DENIED JULY 8, 1983 — 

*James A. Elkins, Jr.,* for appellant.
*Kenneth M. Henson, Jr.,* for appellee.