*District Attorney*, for appellee.

70466. RIDER v. ALBEA.
(332 SE2d 168)

BANKE, Chief Judge.

The appellant brought this action to recover $1,895 for damage allegedly caused when the appellee drove a car into appellant's fence and yard. This appeal follows a grant of summary judgment in favor of the appellee.

The appellee's automobile was found unattended at the scene of the damaged property. The police officer who investigated the incident stated in his affidavit that the automobile showed no indication of forced entry; and, based on the absence of any evidence to the contrary, he concluded that the car had apparently been started with an ignition key. The appellant's yard was located about a half block from the residence of Albert Davis, where the appellee had left the car for a tune-up. On the evening of the occurrence, the appellee, whose driver's license had been suspended after three convictions for driving under the influence, spent between an hour and two hours at a "hangout corner" located directly across the street from Albert Davis' house, which, as previously noted, is about ½ block from the appellant's home where the damage occurred. The appellee admits having been at the "hang-out corner" as late as 7:00 or 7:30 p.m. The police arrived at the scene of the collision at 8:10 p.m.

The appellee admitted that there were only two sets of keys to the car and that he was in possession of one of them. However, he denied having driven the car on the evening in question, and he also denied having had anything to drink that evening. Albert Davis testified on deposition that he had one set of keys to the car, that he had left the car locked in front of his house on the evening in question, and that he had not been involved in the collision. The investigating officer averred by affidavit that while at the scene, he was approached by a highly intoxicated man who claimed to be the car's owner. *Held*:

"The party moving for summary judgment has the burden of showing the absence of a genuine issue of any material fact and if the trial court is presented with a choice of inferences to be drawn from the facts all inferences of fact from the proofs proffered . . . must be drawn against the movant and in favor of the party opposing the motion. [Cit.]" *Lewis v. C & S Nat. Bank*, 139 Ga. App. 855, 860 (229 SE2d 765) (1976). Although the police officer has apparently not yet been asked to identify the appellee as being the intoxicated person he spoke to at the scene, there is nothing in the record to warrant the inference that this person was anyone other than the appellee. Cer-

tainly, the circumstantial evidence otherwise tends to implicate the appellee. Thus, construing the evidence most favorably for the appellant, we hold that the appellee was not entitled to summary judgment. See generally *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556 (254 SE2d 881) (1979). The appellee's motion for damages for a frivolous appeal is necessarily denied.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED JUNE 5, 1985.

*Burton Lee*, for appellant.
*James V. Towson, Wallace Miller*, for appellee.