71386. GRIFFIN v. CITIZENS BANK OF ASHBURN.
(341 SE2d 298)

CARLEY, Judge.

Appellee-plaintiff The Citizens Bank of Ashburn (Bank) filed a complaint, alleging that appellant-defendant owed it a stated sum, "plus interest and attorney's fees on a note, a copy of which [was] attached [t]hereto as Exhibit '[B]' and incorporated [t]herein by reference." Appellant's answer consisted of a general denial of the material allegations of the Bank's complaint.

The Bank subsequently moved for summary judgment. The motion was supported by the affidavit of one who stated therein that she "was at the time of the execution of the subject note Vice President of the [Bank]." This affidavit contained the affiant's initial statement "[t]hat the facts stated in the affidavit are within [her] personal knowledge. . . ." The substance of the affidavit was that appellant had "executed and delivered to [the Bank] a promissory note . . . , a true copy of which is attached to and made a part of this Motion for Summary Judgment." In the record before us, however, there is no copy of any promissory note attached to either the affidavit or to the Bank's motion. The affidavit then concluded with the statement that "said note is in default" and that stated specific amounts of principal, interest and attorney fees were due.

In opposition, appellant filed his own affidavit. Therein, he stated the following: "The loan officers I dealt with, conversed [with] and [who] handled all my transactions at the [Bank] was [sic] not [the Bank's affiant]. In my affiliation with the Bank I have never dealt with [the Bank's affiant] and did not know that she worked or was affiliated with the [Bank]. I would not recognize her and do not know who she is. I . . . have no knowledge from the information provided [in the Bank's affidavit] whether said sum is owed to the Bank even though some sum is probably owed to the Bank."

On this evidence, the trial court granted the Bank's motion for summary judgment in the exact amounts which had been stated by the Bank's affiant to be due and owing. Appellant appeals, contending that the affidavit submitted by the Bank was insufficient to authorize the grant of its motion.

"Introduction of the promissory note (together with related documents, where appropriate) makes a *prima facie* case for the plaintiff and imposes upon the defendant the burden of raising defenses in rebuttal of the plaintiff's evidence. [Cits.] If the defendant cannot do

so, liability is established, and the plaintiff then has the burden of proving the amount owed. [Cits.]" *First Nat. Bank of Dalton v. Damil, Inc.,* 171 Ga. App. 237, 238 (319 SE2d 54) (1984). Assuming without deciding that the Bank's affidavit was otherwise sufficient to establish appellant's liability on the note, a copy of which was attached to its complaint but not its motion, the issue remains whether the Bank was entitled to summary judgment in the exact amounts in which it was granted. Here, as in *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556 (254 SE2d 881) (1979), appellant has contested the "personal knowledge" of the Bank's affiant as to the amounts which are due and owing on the note. Likewise as in *Thomasson,* the statements of the Bank's affiant with regard to specific amounts are not supported by documents qualifying as "business records" pursuant to OCGA § 24-3-14. This evidence must be construed most strongly against the Bank as the movant. When the evidence is thus construed, the following would appear: Although the Bank's affiant states that she *"was* at the time of the execution of the subject note Vice President of the [Bank]," her subsequent and present capacity is not stated. (Emphasis supplied.) If, as appellant contends, the Bank's affiant lacked immediate and independent "personal knowledge" as to the extent of his liability on the note, then her affidavit was presumably based upon information provided either by an unidentified third party with such immediate "personal knowledge" or upon her own knowledge of the contents of the Bank's records regarding appellant's note. If the former, then the affiant's statement as to amounts would clearly be hearsay. OCGA § 24-3-1. If the latter, "[a]bsent the preliminary proof required to qualify under [OCGA § 24-3-14], the affiant's statements as to facts, the knowledge of which [s]he obtained from records not personally kept by [her], were hearsay and had no probative value. [Cits.]" *Thomasson v. Trust Co. Bank,* supra at 559.

After appellant filed his affidavit, the Bank did not submit any amended affidavit on its behalf clarifying either the current capacity or the basis upon which the original affiant claimed "personal knowledge" of appellant's default and the extent to which he was liable on the note. Construing this evidence most strongly against the Bank, we are constrained to hold that it has not proved, as a matter of law, its entitlement to summary judgment in the amount in which it was granted. See *American Druggist Ins. Co. v. Ga. Power Co.,* 145 Ga. App. 104, 106 (1) (243 SE2d 319) (1978). That appellant admitted in his affidavit owing "some sum" to the Bank does not require a contrary result. See *Edge v. Stephens,* 172 Ga. App. 759 (324 SE2d 579) (1984).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur in the judgment only.*

DECIDED FEBRUARY 11, 1986.

*Stephen L. Ivie*, for appellant.
*J. Harvey Davis*, for appellee.