## 45841. LEGGETT v. GIBSON-HART-DURDEN
## FUNERAL HOME, INC.

EVANS, Judge. The plaintiff filed a suit in tort against an incorporated funeral home, based upon injuries and damage to her when she discovered, upon the exhumation of her late husband's body from its grave, that the defendant had not interred him in the manner in which it had been engaged to do. The defendant filed an answer, denying the material allegations of the complaint. Thereafter it filed a motion for summary judgment, contending that plaintiff was barred because of a previous judgment, wherein defendant had recovered from the plaintiff in a suit on account for the funeral bill in another court. In said prior litigation, the position of the parties was reversed, the present defendant being plaintiff, and the present plaintiff being defendant. It was shown in a certified copy of the proceedings in that court that the present defendant had sued for certain services rendered, based upon an itemized statement of account; and that the present plaintiff answered, denying liability for the funeral expenses. The present plaintiff filed no counterclaim against the funeral home at that time, but claimed the funeral home had allegedly furnished a casket and vault which was inferior and different in quality from that which she had contracted to buy from the funeral home. On September 5, 1969, the defendant here obtained judgment for the amount of the burial expenses against the present plaintiff. The ground of complaint in the present action is that the funeral home failed to bury her late husband in accordance with the contract, and such was discovered when the body was exhumed on September 9, 1969.

A hearing was held on defendant's motion for summary judgment, and the trial judge sustained said motion, and dismissed the complaint. The appeal is from this judgment, with errors enumerated on the court's overruling of plaintiff's motion to dismiss said motion for summary judgment of defendant, and in granting the motion for summary judgment and dismissing the complaint. *Held:*

The plaintiff in this action had an opportunity and a duty to liti-

gate each and every issue which existed between the parties touching the subject matter of this action when she was sued on open account for the burial expenses incurred in interment of her husband. *Code* § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

Further, Sec. 13 of the Civil Practice Act (*Code Ann.* § 81A-113 (a); Ga. L. 1966, pp. 609, 625) in pertinent part as to counterclaims, provides: "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim."

While plaintiff argues that she was not acquainted with the situation—did not know that her husband had not been buried according to her contract with the funeral home—when the first action was brought, it can not be charged against the funeral home that it committed a fraud in preventing such knowledge on her part. *Code* § 3-807 provides: "If the defendant, or those under whom he claims, shall have been guilty of a fraud by which the plaintiff shall have been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud."

Also see *Bryson v. Aven,* 32 Ga. App. 721 (124 SE 553), and *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (174 SE 365) which hold that if the defendant has been guilty of fraud preventing the discovery of the facts, this will toll the running of the statute of limitation. By parity of reasoning, we believe it would toll the time within which she was required to assert her counterclaim. But in the present situation, the funeral home is not charged with fraud in preventing the discovery of the alleged difference in the funeral that was ordered and the funeral that was provided. True, the funeral director buried the body, but this is what he was employed to do. The body was exhumed at a later date, and it can not be charged as the fault of the fu-

neral home that it was not exhumed earlier, in time to afford plaintiff the right to plead the counterclapm when the original suit was filed against her. Under these circumstances, the judgment of the lower court in granting summary judgment must be

*Affirmed. Jordan, P. J., and Quillian, J., concur.*
Argued January 7, 1971—Decided January 27, 1971.

*Albert E. Butler,* for appellant.
*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellee.