159 Ga. App. 861 (1981)
285 S.E.2d 593
FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF DETROIT
v.
I. T. S. R. E., LTD. et al.
62157.
Court of Appeals of Georgia.
Decided October 8, 1981.
Judson Graves, Robert Walling, for appellant.
Frank A. Lightmas, Jr., Edgar H. Sims, Jr., for appellees.
POPE, Judge.
The initial action in this lengthy litigation was filed in federal district court by appellees I. T. S. R. E., Ltd. and I. R. E. Realty Advisors, Inc., (a Florida real estate investment limited partnership and its corporate general partner, hereinafter collectively referred to as "IRE") against appellant First Federal Savings & Loan Association of Detroit (First Federal) on May 22, 1975. These parties were involved in a complex real estate transaction whereby IRE obtained a four million dollar loan from First Federal secured by an apartment complex owned by IRE, which was foreclosed by First Federal. The primary claim asserted against First Federal in the 1975 suit was that its foreclosure was "racially motivated" and therefore in violation of the Fair Housing Act. During the course of extensive discovery proceedings First Federal filed four counterclaims and several amendments to its answer. A fifth counterclaim offered by First Federal on the eve of trial, alleging fraud on the part of IRE in obtaining the loan, was disallowed. Upon trial in 1978, First Federal prevailed on all but two of the ten separate claims in dispute, successfully avoiding liability on the issue of discrimination which, as stated by the court in its post-trial order, "was the most significant from the standpoint of damages sought, detriment to the defendant's reputation, and time consumed in trial." Even though IRE prevailed on the second most important issue, concerned with the escrow account, this was outweighed by a verdict in favor of First Federal on one count claiming $1,000,000 and victory in two of its three counterclaims (one was unresolved). Thus, First Federal was determined to be the prevailing party.
On December 7, 1979 First Federal filed suit against IRE in the Superior Court of Fulton County, alleging that IRE had fraudulently misrepresented rental income and tenancy occupation figures to acquire the loan funding. After the action was removed to the same federal district court where the 1975 action had been tried and remanded back to Fulton Superior Court on motion of First Federal, IRE moved to dismiss or for summary judgment on the ground of res judicata. This appeal is from the grant of that motion.
Appellees contend that First Federal's fraud claim was a compulsory counterclaim under CPA § 13 (a) (Code Ann. § 81A-113 (a)) and as such had to be litigated in the earlier case or be barred by principles of res judicata. Harbin Lumber Co. v. Fowler, 137 Ga. App. 90 (2) (222 SE2d 878) (1975). First Federal argues that its failure to timely raise the fraud claim in the 1975 case was caused by IRE's *862 conscious withholding of financial and other information and documents so as to obstruct discovery proceedings and prevent it from raising the claim in time to litigate it. Therefore, appellant asserts, just as Code Ann. § 3-807 tolls the running of the statute of limitation against a plaintiff debarred or deterred from his action by a fraud of the defendant, "by parity of reasoning" IRE should not be permitted to benefit from its own misconduct. See Leggett v. Gibson-Hart-Durden Funeral Home, 123 Ga. App. 224 (180 SE2d 256) (1971).
This argument which was rejected by the Fulton Superior Court was previously considered and rejected by the federal district judge who tried the 1975 case and who was familiar in intimate detail with all the facts and circumstances. We find it unavailing now upon review of the record. As stated by the July 14, 1978 federal court order disallowing the proffered counterclaim which became the basis of the present suit: "The proposed amendment alleges fraud because of a telegram from [IRE] overstating rents for a certain month. The telegram was sent on January 7, 1974 to [First Federal's Georgia agent] and then forwarded to First Federal. According to the proposed amendment, First Federal relied upon this representation to extend additional financing and releas[e] certain guarantors. [IRE's] operating statements for the apartments which supposedly informed First Federal of the discrepancy were turned over to it in February of 1977 pursuant to a request for documents. Thus, First Federal and its lawyers have had at least constructive notice of the existence of this potential cause of action for at least sixteen months . . . . The court does not question the assertion of First Federal's attorneys that they had no previous actual knowledge of the telegram before July 5, 1978. However, their failure to become aware of it earlier does not constitute `oversight, inadvertance, or excusable neglect' warranting removal of this three-year-old case from the trial calendar. Rule 13 (f), Fed. R. Civ. P." See also Code Ann. § 81A-113 (f).
We do not hesitate to agree with the prior adjudications, for the record reflects quite clearly that the claim sought to be litigated in the instant action was a compulsory counterclaim which First Federal failed to timely raise. Compare Teague v. First Bank & Trust Co., 244 Ga. 360 (260 SE2d 72) (1979); Harris v. Harris, 149 Ga. App. 842 (256 SE2d 86) (1979). That First Federal did not discern the telegram in its own records in time to plead the counterclaim when the original suit was filed cannot be charged to fraud on the part of IRE. Cf. Leggett v. Gibson-Hart-Durden Funeral Home, supra. It was incumbent upon First Federal to ascertain this information during thorough preparation for litigation, and its failure to do so was not the *863 product of excusable neglect. Thus, there was no abuse of discretion in denying leave to set up the counterclaim on the eve of trial. Accord, Swim Dixie Pool Corp. v. Kraemer, 157 Ga. App. 748 (1) (278 SE2d 448) (1981); Aycock v. Household Finance Corp., 142 Ga. App. 207 (1) (235 SE2d 578) (1977).
Likewise, "a party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action." Harbin Lumber Co. v. Fowler, supra at 92. Accord, P & J Truck Lines v. Canal Ins. Co., 148 Ga. App. 3 (251 SE2d 72) (1978). The judgment of the trial court in granting summary judgment under these circumstances was not erroneous for any reason asserted.
Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.