Dennis R. **DAVIS** and Sam P. Hensley, Sr., **Plaintiffs,**

v.

**GREAT WESTERN BANK, a Federal Savings Bank, Defendant.**

**Civ. No. 1:91–cv–877–JEC.**

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 4, 1992.

---

James E. Thompson, Peters & Thompson, Randy M. Wells, Tucker, Ga., for plaintiffs.

William T. Plybon, The Coca–Cola Co., Daniel S. Reinhardt, William N. Withrow, Jr., Dan R. Gresham, Patricia A. Murtaugh, Troutman Sanders, Atlanta, Ga., for defendant.

## ORDER

CARNES, District Judge.

This case is presently before the Court on the Defendant's Motion for Partial Summary Judgment [36]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out

below, concludes that this action should be dismissed.

## BACKGROUND

Plaintiffs, Dennis R. Davis and Sam P. Hensley, Sr., and Defendant, Great Western Bank, entered into a security agreement in 1989 to enable Plaintiffs to finance the purchase of property in Clayton County, Georgia. As part of the contract, Plaintiffs executed a standby letter of credit in favor of Defendant for $100,000. Plaintiffs subsequently defaulted on the loan and Defendant accelerated the loan, instituted foreclosure proceedings, and notified Plaintiffs that it intended to draw down the letter of credit.

Plaintiffs filed suit in November 1990 in the Fulton County Superior Court requesting a temporary restraining order to prevent Defendant from drawing down on the letter of credit. The court denied the request and Defendant then answered, counterclaimed, stated its intent to exercise its power of sale of the property, and petitioned for appointment of a receiver to protect its security interest in the property.

On December 12, 1990 the state court appointed a receiver. On December 17, 1990 the receiver inspected the property, noting a number of problems with the maintenance and upkeep of the premises. The receiver issued its final report on February 22, 1991 and the court entered a Final Consent Order approving the receiver's report and granting the receiver's request to be discharged on February 25, 1991. The consent order set out a timetable for objections to the order and provided that "in the event that no timely objections are filed and served as set forth herein, this case shall be deemed to be Dismissed with no further notice or opportunity to be heard and the clerk shall proceed to close this case on its files." Apparently neither party objected to or appealed the order.

On March 14, 1991 Plaintiffs brought a second action in the Superior Court of Clayton County alleging that Defendant had breached the contract by drawing down on the line of credit. Defendant removed the action to federal court due to diversity of citizenship on April 17, 1991. Defendant then answered and counterclaimed in the federal action. Defendant asserted four counts in its counterclaim, alleging that Plaintiffs' action in allowing the property to deteriorate constituted (1) breach of contract, (2) conversion, (3) waste, and (4) trespass to property.

On January 27, 1992, Defendant filed a motion for summary judgment, asking that Plaintiff's claim be dismissed due to claim preclusion. By Order dated April 20, 1992 [28], the previous judge to whom the case was assigned, the Honorable Robert L. Vining, Jr., granted Defendant's motion, holding that Plaintiffs should have brought their breach of contract claim in the earlier state court action and, thus, were precluded from bringing it in a later action.

In June 1992, Defendant moved pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for entry of final judgment against Plaintiffs on Plaintiffs' claim. This Court granted the motion as unopposed and the Clerk entered judgment for Defendant on Plaintiffs' claim, leaving Defendant's counterclaim as the only existing claim in this action. Defendant has now moved for summary judgment as to count one (breach of contract) of its counterclaim.

## DISCUSSION

The Parties have focused their attention on the question of whether summary judgment is appropriate on count one of Defendant's counterclaim. However, the Court has determined that there is a question as to whether this action, as it now exists, should be heard in federal court at all and raises sua sponte the question of whether dismissal is appropriate. 28 U.S.C. § 1367(c). *See Williams v. City of Atlanta,* 794 F.2d 624, 628 (11th Cir.1986) (affirming district court's sua sponte dismissal of state law claims after all federal claims dismissed). Because of the Court's resolution of this issue, it is unnecessary to

determine whether summary judgment is appropriate as to Defendant's counterclaim and the Court denies Defendant's motion as moot.

Defendant was able to remove this action to federal court because the case could have been brought initially in federal court on the basis of diversity of citizenship (*i.e.*, Plaintiffs' claim was between parties from different states and the claim was for more than $50,000). 28 U.S.C. § 1441(a). Defendant's subsequent counterclaim lacked its own independent subject matter jurisdiction because it was for less than $50,000.[1] However, this Court had supplemental (previously ancillary) jurisdiction over the counterclaim because it arose from the same common nucleus of operative fact as Plaintiffs' claim. 28 U.S.C. § 1367(a).[2]

Because the only claim over which the Court had original jurisdiction now has been dismissed from the case, § 1367(c)(3) applies.[3] As the Supreme Court has observed, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving ... state-law claims. When the balance of these factors indicates that a

case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (footnote omitted). *See also Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1550 (11th Cir.1992).

The Court concludes that dismissal is appropriate in this case, both because all federal claims have been dismissed and because it appears that the case may raise a complex and relatively novel issue of state law.[4] Under Georgia law (which, as Judge Vining correctly observed in his previous Order, would apply in determining the issue) it appears that Defendant's counterclaim may be barred by claim preclusion in the same way that Plaintiffs' claim was barred. That is, because the counterclaim apparently arises out of the same common nucleus of operative fact as the prior state action and it appears that Defendant may have known of the facts giving rise to the claim in time to raise the claim in the state action, it is possible that under Georgia law Plaintiff should have raised the claim in the prior action.[5] The Court concludes that, in

---

1. Defendant did not ask for a specific amount in its counterclaim, but instead asked for damages "in an amount to be proven at trial." (Answer at 11). However, the gravamen of the counterclaim was that Plaintiffs had allowed the property to be damaged while in their possession and Defendant admits that damage to the property totals only approximately $12,000. (Br. in Supp. of Def.'s Mot. for Summ. J. [36] at 8).

2. In § 1367 Congress codified the caselaw doctrines of pendent and ancillary jurisdiction as "supplemental jurisdiction." Section 1367(a) provides that:

   ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. This section provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

4. The presence of a "novel or complex issue of State law" is another reason that a federal court may decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(1).

5. Georgia law provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or *which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered." GA. CODE ANN. § 9–12–40 (Michie 1982) (emphasis added). *See, e.g., Wilson v. Auto-Owners Ins. Co.*, 791 F.2d 886, 887 (11th Cir.1986) (Georgia law bars second suit between same parties involving all issues that could have been litigated in the first suit); *Capitol Funds, Inc. v. Arlen*

the interest of comity, a federal court should not address such a complex state law issue unnecessarily and dismisses Defendant's counterclaim without prejudice, leaving Defendant free to bring its claim in state court should it so desire.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment [36] is DENIED AS MOOT and this action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

SO ORDERED.

*Realty, Inc.,* 755 F.2d 1544, 1547 (11th Cir.1985) (issue that could have been raise in prior case "by the use of proper diligence" barred in second suit); *First Federal Savings & Loan Assoc. v. I.T.S.R.E., Ltd.,* 159 Ga.App. 861, 863, 285 S.E.2d 593 (1981).