**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 14, 2014**

# In the Court of Appeals of Georgia

A14A0945. MORRISON et al. v. KICKLIGHTER.

ANDREWS, Presiding Judge.

Charles, Suzette, and Thomas Morrison sued Steve Kicklighter to recover property damage allegedly caused when Kicklighter negligently backed his vehicle into the Morrisons' parked truck. The Morrisons sought to recover the cost of repairing damage to the truck, the diminished value of the repaired truck, and the cost of a rental vehicle during the repairs. On the basis that these losses were covered by a liability insurance policy on Kicklighter's vehicle issued by State Farm Mutual Automobile Insurance Company, the Morrisons also brought the action pursuant to OCGA § 33-4-7 against State Farm (as an unnamed party) seeking to recover penalties and attorney fees against State Farm for allegedly failing to make a good

faith effort to adjust and settle their pre-trial demand for payment of the covered losses.[1]

Under OCGA § 33-4-7 (d),

The insurer shall be an unnamed party, not disclosed to the jury, until there has been a verdict resulting in recovery equal to or in excess of the claimant's demand. If that occurs, the trial shall be recommenced in order for the trier of fact to receive evidence to make a determination as to whether bad faith existed in the handling or adjustment of the attempted settlement of the claim or action in question.

The trial was not recommenced for the second phase under this provision to consider the Morrisons' bad faith claim against State Farm because the jury rendered a verdict in favor of Kicklighter on the property damage claims, and the Morrisons recovered nothing. The Morrisons appeal from the trial court's denial of their motion for a new trial. Because we conclude that the verdict lacks any evidentiary support and was contrary to law, we reverse.

1. The Morrisons claim that there was no evidentiary basis for the verdict in favor of Kicklighter, and that the trial court erred by denying their motion for a new trial made on the general grounds. See OCGA §§ 5-5-20; 5-5-21.

---

[1] The Morrisons withdrew their claim against State Farm for failing to act in good faith to adjust and settle their claim for the diminished value of the repaired truck.

On appeal from the trial court's denial of a motion for a new trial on the general grounds set forth in OCGA §§ 5-5-20 (verdict contrary to evidence and principles of justice and equity) or 5-5-21 (verdict strongly against weight of evidence), the appellate court has no discretion to grant a new trial on that ground; "we can only review the evidence to determine if there is any evidence to support the verdict." *Cook v. Huff*, 274 Ga. 186, 186 (552 SE2d 83) (2001) (punctuation and citation omitted); *Drake v. State*, 241 Ga. 583, 585 (247 SE2d 57) (1978).

> The standard of appellate review of the denial of a motion for new trial on the general grounds is essentially the same as that applicable to the denial of a motion for directed verdict or judgment n.o.v. The appellate courts can only set a verdict aside, on evidentiary grounds, as being contrary to law in that it lacks any evidence by which it could be supported.

*Cook*, 274 Ga. at 186 (punctuation and citations omitted).

Kicklighter admitted liability for damages caused when he negligently backed his vehicle into the Morrisons' parked truck, and the only issue in the first phase of the trial was the Morrisons' claims for amounts due on three elements of damage: (1) the cost of repairing the truck, (2) the diminished value of the repaired truck, and (3) the cost of a rental vehicle during the repairs. The Morrisons presented evidence establishing the dollar amounts they claimed were incurred on each of the three

3

elements of damage. In response, Kicklighter's defense was not that the Morrisons incurred no damage as a result of his negligence; rather, he presented evidence of lesser dollar amounts of damage incurred by the Morrisons on each of the three elements. Because the undisputed evidence showed that Kicklighter negligently caused the Morrisons to incur damages in some amount, there was no evidentiary support for the jury's verdict in favor of Kicklighter, and the verdict was contrary to law and must be set aside. The trial court erred by denying the motion for a new trial.

2. We address additional enumerations of error on issues likely to recur in the event of a retrial.

(a) In support of their repair costs, the Morrisons presented testimony from the manager of the automobile collision repair shop where the truck was repaired identifying published industry standards for collision repair, automobile manufacturer repair standards, and paint manufacturer standards, and stating that the repair work complied with the standards. The trial court refused to admit the standards as documentary evidence and sustained Kicklighter's objection that the documents contained hearsay. Where identified and explained by expert testimony, industry standards relied upon by persons in the witness's particular occupation are admissible, and are not excluded by the hearsay rule. *Dayoub v. Yates-Astro Termite*

4

*Pest Control Co.*, 239 Ga. App. 578, 581-582 (521 SE2d 600) (1999); OCGA § 24-8-803 (17). The trial court erred by sustaining the hearsay objection.

(b) Where a repair shop employee testified that she had no personal knowledge of actual repairs done to the truck, the trial court did not err by sustaining Kicklighter's hearsay objection and refusing to allow the employee to testify that specific repairs to the truck were reasonable or necessary.

(c) To show that the diminished value of the repaired truck was less than the amount claimed by the Morrisons, Kicklighter produced testimony from a witness (a State Farm employee) as to diminished value damages. The Morrisons claim that the trial court erred by overruling their objection that the witness was not qualified to give an expert opinion on diminished value. The record shows that, before Kicklighter called this witness as part of his defense case, the Morrisons called the same witness for purpose of cross-examination in their case-in-chief. At that time, counsel for the Morrisons cross-examined the witness about his opinion on diminished value damages. The trial court did not err by finding that the Morrisons opened the door to this testimony and overruling the objection.

(d) The Morrisons claim that the trial court erred by denying their pre-trial motion in limine which sought a ruling from the court permitting them to cross-

examine certain witnesses expected to be called by Kicklighter – a State Farm claims adjuster and a State Farm damage estimator – about their employment with State Farm. The Morrisons' motion sought permission to cross-examine the witnesses about their employment with State Farm for the purpose of impeaching their credibility and showing they were biased toward finding lower repair costs to advance State Farm's interest in avoiding payment on the claim covered by Kicklighter's State Farm insurance policy. The trial court denied the motion ruling that "the Court will not instruct the [Morrisons] on how to refer to [State Farm's] employees other than to order that the existence of insurance shall not be revealed to the jury during the first phase of the trial," and that "the parties shall not disclose the existence of [Kicklighter's] liability insurance coverage to the jury during the first phase of the trial." The court's order further stated that, without revealing the existence of Kicklighter's liability insurance, the Morrisons remained free to cross-examine the witnesses for bias by other means including, for example, questioning the witnesses regarding how many vehicles they evaluate for collision damages each year, how they are compensated, how many times they have testified for the party not at fault versus at fault in a collision, and any prior dealings with the collision repair shop selected by the Morrisons.

6

The witnesses referred to in the motion were called by Kicklighter during the trial to give testimony in support of his defense on the damages at issue, and the Morrisons claim that the court's order on the motion in limine erroneously restricted their right to a thorough and sifting cross-examination under OCGA § 24-6-611 (b). We find no error. Under the procedures set forth in OCGA § 33-4-7 (d), before the jury considers a third-party claimant's action to recover bad faith penalties and attorney fees against a liability insurer for the insurer's failure to make a good faith effort to adjust and settle an automobile property damage claim, the jury must first return a verdict on the property damage claim equal to or greater than the claimant's demand for settlement. Although the insurer is served with the claimant's complaint filed against the insured tortfeasor, "[t]he insurer shall be an unnamed party, not disclosed to the jury, until there has been a verdict resulting in recovery equal to or in excess of the claimant's demand." OCGA § 33-4-7 (d). At that point, the trial is recommenced for a second phase (with the insurer as the named defendant in place of the insured) for the jury to consider the bad faith claim against the insurer. During the first phase of the trial, the jury renders a verdict on the claim against the insured tortfeasor, and the procedures in subsection (d) make clear that the existence of liability insurance coverage is not relevant.

> The rule that the plaintiff be allowed the right of a thorough and sifting cross examination must be balanced against the rule that irrelevant matters of insurance coverage should be excluded from evidence. In the interest of justice, the matter of insurance which is not a germane issue, should be kept out.

*Southeast Transport Corp. v. Hogan Livestock Co.*, 133 Ga. App. 825, 830 (212 SE2d 638) (1975). Under the circumstances, the trial court did not abuse its discretion by denying the motion in limine and limiting the scope of cross-examination. *McClellan v. Evans*, 294 Ga. App. 595, 596-597 (669 SE2d 554) (2008); *Vol Repairs II, Inc. v. Knighten*, 322 Ga. App. 416, 420-421 (745 SE2d 673) (2013).

*Judgment reversed. McFadden, J., concurs.  Ray, J., concurs in Divisions 1 and 2 (a-c), and in the judgment.*