**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 11, 2016**

# In the Court of Appeals of Georgia

A16A1444. HARRIS et al. v. DEUTSCHE BANK NATIONAL    JE-050
    TRUST COMPANY.

ELLINGTON, Presiding Judge.

Clarence and Althea Harris filed this action in the Superior Court of Oconee County against Deutsche Bank National Trust Company, alleging claims for breach of contract and wrongful foreclosure of their home in March 2012. Deutsche Bank filed a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). The trial court granted this motion on the basis that these claims are barred under the doctrine of res judicata. The Harrises appeal, contending that the trial court erred because there was not identity of the cause of action with a prior judgment. We affirm the trial court's ruling for the reasons explained below.

The record shows that, in ruling on Deutsche Bank's motion, the trial court considered matters outside the pleadings in this case, including the pleadings and judgments in two cases previously prosecuted by the Harrises against Deutsche Bank and other defendants. Therefore, "we will treat this appealed order as one granting summary judgment to [Deutsche Bank,] . . . [and] [w]e review de novo a trial court's grant of summary judgment, construing the evidence in a light most favorable to the nonmoving party." (Citation and punctuation omitted.) *Host Intl. Inc. v. Clayton County*, 311 Ga. App. 414, 415 (1) (715 SE2d 805) (2011) (applying the de novo standard of review to a lower court's grant of motion to dismiss for collateral estoppel because lower court considered matters outside the pleadings in the case at bar).[1]

Viewed in the light most favorable to the Harrises, the record shows the following undisputed facts. The Harrises purchased their home in Oconee County in 1993. In 2006, they refinanced their mortgage. Through a series of transfers, the loan and security deed were assigned to Deutsche Bank. American Home Mortgage

---

[1] "[I]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56[.]" OCGA 9-11-12 (b). See also *Johnson v. RLI Ins. Co.*, 288 Ga. 309, 309-310 (704 SE2d 173) (2010) (outlining process for appellate review when lower court goes beyond pleadings and a motion to dismiss is converted into motion for summary judgment).

Servicing Inc. ("AHM") serviced the loan. The Harrises began to experience financial difficulties and fell behind on their loan payments. In March 2012, Deutsche Bank conducted a foreclosure sale and purchased the home at the auction.

In April 2012, the Harrises filed their first lawsuit in the Superior Court of Oconee County.[2] The case was removed to the federal district court for the Middle District of Georgia.[3] The Harrises alleged numerous counts against Deutsche Bank including "contractual breach of good faith and fair dealing and fraud" and wrongful foreclosure. The breach of contract claim rested upon the allegations that Deutsche Bank did not have the right to proceed with foreclosure and non-judicial sale of the property for two reasons: Deutsche Bank did not provide notice as required by OCGA § 44-14-162.2 and Deutsche Bank was not the actual holder of the note with authority to foreclose. The wrongful foreclosure claim was based on similar allegations. Ultimately, the district court dismissed the first case for failure to state a claim in February 2013. Although the Harrises appealed this dismissal, the appellate court accepted their voluntary dismissal of their appeal in April 2013.

---

[2] *Harris v. American Home Mortgage Servicing, Inc. et al.*, Civil Action File No. 2012-CV-0322-SW.

[3] *Harris v. American Home Mortgaging Servicing, Inc. et al.*, Case No. 3:12-OCGA §-00083-CDL.

In November 2013, the Harrises filed a second lawsuit against Deutsche Bank in the Superior Court of Oconee County.[4] As amended, the complaint sought only declaratory and injunctive relief as to the identity of the note holder and of the entity to whom the proceeds of the foreclosure sale should be paid. In April 2014, the trial court dismissed the complaint with prejudice; among other reasons the court held that the Harrises could not seek equitable relief on a security deed and note for which they were in default. In May 2014, the Harrises appealed the order to this Court. Pursuant to Court of Appeals Rule 36, in an unpublished decision, this Court upheld the trial court's dismissal.[5]

The Harrises filed the instant action, in the Superior Court of Oconee County Civil Case No. 2015-CV-0113, in April 2015, shortly after the Court of Appeals' decision in their second suit. They alleged two counts against Deutsche Bank: breach of contract and wrongful foreclosure. Both claims rested on allegations that Deutsche Bank did not provide proper notice to the Harrises as provided in the security deed and as required under Georgia law. Additionally, they alleged that they were not in

_____

[4] *Harris et al. v. Deutsche Bank National Trust Co.*, Civil Action File No. 2013-CV-0578.

[5] *Harris et al. v. Deutsche Bank National Trust Co.*, Case No. A14A2209, decided February 20, 2015.

default on their loan at the time of the notice of default because of payments the loan servicer, AHM, made to Deutsche Bank. The trial court dismissed the case as barred by the doctrine of res judicata in February 2016, leading to the instant appeal.

Georgia's res judicata doctrine, as codified under OCGA § 9-12-40, provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." Three distinct elements must be met before the doctrine applies. *Body of Christ Church Overcoming God, Inc. v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010). There must be: "(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." (Citation and punctuation omitted.) Id.

The Harrises challenge only the first element, identity of the cause of action.[6] "[O]ne must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata[.]" (Citation omitted; emphasis in original.) *Lawson v. Watkins*, 261 Ga. 147, 149 (2) (401 SE2d 719) (1991). Thus, to determine whether there is identity of the cause of action, the court must examine "the subject matter and the issues raised by the pleadings in the two cases." (Citation and punctuation omitted.) *Crowe v. Elder*, 290 Ga. 686, 688 (723 SE2d 428) (2012). Under Georgia law, "[a] cause of action is deemed to be the entire set of facts which give rise to an enforceable claim." (Citation and punctuation omitted.) Id.

The Harrises contend that, although the subject matter of the case at bar is "linked" to that of the previous cases, there is not an identity of the cause of action because some of the operative facts are different, citing *Haley v. Regions Bank*, 277 Ga. 85, 91 (586 SE2d 633) (2003) ("Where some of the operative facts necessary to

_____

[6] The other elements are plainly satisfied. Deutsche Bank was a defendant in the previous litigation. Further, "[a] dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." (Punctuation and footnote omitted.) *Comprehensive Pain Mgmt. v. Blakely*, 312 Ga. App. 721, 722 (719 SE2d 579) (2011). See also *Johnson v. Bank of America N.A.,* 594 Fed. Appx. 953, 955 (11th Cir. 2014) ("[U]under Georgia law the granting of a motion to dismiss operates as an adjudication on the merits of the dismissed claims.") (citation omitted).

6

the causes of action are different in the two cases, the later suit is not upon the same cause as the former, although the subject matter may be the same, and even though the causes arose out of the same transaction.") (citations and punctuation omitted). Specifically, they point to their allegation, made for the first time in their most recent complaint, that, because of the advance payments made by AHM, they were not in default on their loan when any notice of default was sent in early 2012. They did not include this specific allegation in any previous action. In addition, they argue that in the present complaint they raised for the first time that the notice of foreclosure was defective because it omitted notice of intent to accelerate and omitted the name and contact information for the person or entity with authority to negotiate, as required under OCGA § 44-14-162.2.

It is the relevant facts themselves, once they occur, however, that give rise to the cause of action, regardless whether the party fails to include certain facts in the first action to proceed to judgment. See *Kaylor v. Rome City School District*, 267 Ga. App. 647, 649 (1) (b) (600 SE2d 723) (2004) (finding identity of the cause of action where the first suit was for breach of contract and second suit was for fraudulent inducement to enter that contract). The doctrine of res judicata

applies even if some new *factual allegations* have been made, some new relief has been requested, or a new defendant has been added. It is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid.

(Punctuation and footnote omitted; emphasis in original.) *Neely v. City of Riverdale*, 298 Ga. App. 884, 887 (2) (681 SE2d 677) (2009). Thus, in *Leggett v. Gibson-Hart-Durden Funeral Home, Inc.*, 123 Ga. App. 224 (180 SE2d 256) (1971), this Court observed that res judicata applied to bar a widow in a later suit against a funeral home for the improper interment of her husband where the widow failed to allege the allegations as a counterclaim in a previous suit between the parties under the burial contract. This was despite the widow's argument that she did not know that the funeral home did not perform the burial in the manner provided in the contract and only learned of the breach when the body was exhumed four days after judgment in the previous suit. Id. at 225. The court held that the widow had "a duty to litigate each and every issue which existed between the parties touching on the subject matter of this action when she was sued on open account for the burial expenses incurred in interment of her husband." Id. at 224-225. The widow did not claim that the funeral

8

home defrauded her, preventing her from learning of the alleged discrepancy between the funeral ordered and the funeral provided. Id. Thus, the claim was required to be litigated in the first suit because the claim could have been litigated then. Id. at 225.

Here, the alleged breach – foreclosing on the Harrises if they were not actually in default – occurred before they filed the first suit. *Haley*, cited by the Harrises, is inapposite, because the plaintiff in that case based claims on operative facts that arose after previous litigation and therefore the merits of the claim could not have been determined in the earlier action. *Haley*, 277 Ga. at 91 ("[T]he former [suit] resolved the nature and transferability of the defeasible and reversionary interests under the will, while the latter [suit] concern[ed] the validity of a *subsequent* transfer[.]" Thus, the operative facts were different because the second suit involved questions which "arose after the holding in [the first suit]." ) (emphasis added). See also, *Humphrey v. JP Morgan Chase Bank, N.A.*, _ Ga. App. _ (787 SE2d 303) (Case No. A16A0289, decided June 8, 2016) (2016 Ga. App. Lexis 323, *8) (holding no identity of causes of action for breach of contract of a security deed and wrongful foreclosure because the allegations in the subsequent complaint arose after the two previously dismissed actions). In both cases, the plaintiffs could not have litigated the operative facts of the

second suit at the time of the first suit because the underlying circumstances had not yet occurred.

In this case, the record shows that the Harrises alleged in their wrongful foreclosure claim in their first lawsuit in Oconee County that Deutsche Bank "had [no] right to proceed with a foreclosure and non-judicial sale of [their] property, as proper notice was not given as required by OCGA § 44-14-162.2[.]" In their wrongful foreclosure claim in the instant action, they alleged that Deutsche Bank "failed to provide in any notice of foreclosure the name, address, and telephone number of the individual or entity who had full authority to negotiate, amend, and modify all terms of the mortgage as required by OCGA § 44-14-162.2," which exactly mirrors the statutory language from that Code section.[7] In their first lawsuit, the Harrises alleged

---

[7]     (a) Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

OCGA § 44-14-162.2.

10

that Deutsche Bank's "notice of default did not comply with the terms of the security deed." The breach of contract claim in the instant action alleged that Deutsche Bank's "breached the contract by failing to provide accurate notices [of default] as required by paragraph 22 of the Security Deed."[8] The subject matter of both of the Harrises' claims in the instant action concern the 2012 foreclosure, specifically whether proper notice was given. The operative fact concerns the notice given once foreclosure proceedings were initiated; whether that was adequate according to statute or contract does not convert the operative fact into something different. The alleged misconduct that gives rise to the claims is the same. See *Crowe*, 290 Ga. at 688 (holding identity of causes of action although first action was based in fraud and second action in contract because the allegation of the misconduct forms the basis of each and is the same; the recasting of the same alleged conduct does not constitute a new or different cause of action).

---

[8] Paragraph 22 specifies the contents of the notice the lender shall provide when the borrower breaches the contract, prior to acceleration of the borrower's obligations. Paragraph 15 provides: "If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument[,]" OCGA § 44-14-162.2 in this case.

11

The Harrises argue that they could not have based the causes of action in their previous litigation on the present operative facts because they were unaware of them at the time. The doctrine of res judicata still operates even where the plaintiff is unaware of the potential claim through no fault of another. See, *Neely*, 298 Ga. App. at 887, n. 10 (2) ("We find entirely unpersuasive [the plaintiff's] argument that res judicata does not apply here since he was not aware of his contract claims at the time he filed his federal complaint because his lawyer had not yet found a [particular] Court of Appeals case that he asserts supported his breach of contract claim.") (citation and punctuation omitted); see also, *Leggett*, supra, 123 Ga. App. at 225-226. "[A] judgment rendered in litigation arising under a contract is conclusive of all the accrued rights of the parties arising under the contract, *whether they were actually inquired into or not*; and such judgment may, in a subsequent suit between the parties arising under the same contract, be pleaded as res judicata." (Citation omitted; emphasis supplied.) *Missouri State Life Ins. Co. v. Pilcher*, 179 Ga. 231, 232-233 (1) (175 SE 586) (1934).

Here, the record shows that the operative facts at issue (that AHM's advance payments to Deutsche Bank kept the Harrises' account current) could have been presented when the Harrises brought their first suit against Deutsche Bank concerning

the 2012 foreclosure and non-judicial sale of the property. Because "[t]he doctrine of res judicata prevents re-litigation of matters that *were* or *could have been* litigated in a previously adjudicated action[,]" the Harrises' new challenge to the 2012 foreclosure and non-judicial sale of the property is barred. (Punctuation and footnote omitted; emphasis supplied.) *Neely*, 298 Ga. App. at 886 (2). "A litigant must discharge all his weapons, and not reserve a part of them for use in a future reencounter. He must realize that one defeat will not only terminate the campaign, but end the war." (Citation and punctuation omitted.) *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 111 (498 SE2d 255) (1998). The trial court did not err in ruling that the current suit is barred by res judicata.

*Judgment affirmed. Branch and Mercier, JJ., concur*.