**FIRST DIVISION
BARNES, P. J.,
MILLER, P. J., and LAND, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 26, 2023**

# In the Court of Appeals of Georgia

A23A0615. EASTSIDE RECOVERY, LLC v. CALHOUN.

BARNES, Presiding Judge.

Eastside Recovery, LLC, a towing and storage company, filed the instant action against Connie Calhoun seeking payment of towing and storage expenses after Eastside towed and stored the vehicle Calhoun had been driving when she was involved in a July 2020 collision. Calhoun filed a motion to dismiss the complaint, which the trial court granted. Eastside appeals. For the following reasons, we affirm.

The record shows that, after Calhoun was involved in a motor vehicle collision, Eastside towed Calhoun's vehicle from the collision scene to its tow yard, and law enforcement placed an indefinite hold on the vehicle. Eastside contends that it is owed towing and storage fees from Calhoun, which she refuses to pay. Eastside filed suit against Calhoun in July 2022, alleging that the vehicle had been in its possession

since Eastside towed it from the collision site; that Calhoun was liable for negligence; and that her actions constituted bad faith in violation of OCGA § 33-4-7.

Calhoun filed an answer and a motion to dismiss the complaint for failure to state a claim upon which relief could be granted under OCGA § 9-11-12 (b) (6). Eastside filed a response in opposition to the motion to dismiss and an amended complaint that added claims for unjust enrichment and negligence per se. Calhoun filed an answer to Eastside's amended complaint, denying liability.

The trial court heard argument on Calhoun's motion to dismiss. Eastside did not raise or discuss its unjust enrichment or negligence per se claims at the hearing. Eastside conceded at the hearing that there is a statutory scheme in Georgia for towing companies such as Eastside to recover their expenses by placing a lien on vehicles in their possession. Eastside admitted that the reason it had asserted negligence and bad faith causes of action, rather than using this statutory scheme, was because, for a vehicle like Calhoun's that was totaled, "it would cost the towing company more money in attorney's fees to file that lien and go through the foreclosure process to pursue that amount of money, which . . . might be . . . two or three thousand dollars for the metal and the scrap metal."

The trial court ruled in Calhoun's favor at the conclusion of the hearing, stating, "I agree that there - there is a statutory scheme for recovery in these cases, and this - the legislature intended that to be the process by which these storage fees and collections are dealt with, and for that reason, I am granting [the] Defense motion." The trial court issued its final written order granting the motion to dismiss and dismissing the case with prejudice. This appeal followed.

[A] motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. On appeal, a trial court's ruling on a motion to dismiss for failure to state a claim for which relief may be granted is reviewed de novo.

(Citation omitted.) *Alford v. Hernandez*, 343 Ga. App. 332, 337-338 (807 SE2d 84) (2017). With these guiding principles in mind, we turn now to Eastside's specific claims of error.

1. Eastside argues that the trial court erred in dismissing its negligence claims against Calhoun. Eastside's negligence and negligence per se causes of action stated in part:

> 10. [Calhoun] has continuously refused to pay all related towing and storage expenses.
> . . .
> 12. [Calhoun] . . . had a duty to operate her Vehicle in a safe and reasonable manner.
> 13. [Calhoun] violated the aforementioned duty by recklessly operating her Vehicle and failing to exercise due care.
> . . .
> 16. It was foreseeable that such reckless operation of the Vehicle would lead to a crash in which the Vehicle would need to be towed from the
> scene and stored.
> 17. . . . [A]s a result, [Eastside] has incurred substantial damages. 32

To state a cause of action for negligence, a plaintiff must establish the following four elements:

> (1) [a] legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm; (2) a

4

breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

(Citation omitted.) *Berry v. Hamilton*, 246 Ga. App. 608, 608-609 (541 SE2d 428) (2000).

Before negligence can be predicated upon a given act, some duty to the individual complaining must be sought and found, the observance of which duty would have averted or avoided the injury or damage. [A plaintiff] is not entitled to recover unless the defendant did something that it should not have done, or failed to do something that it should have done pursuant to the duty owed the plaintiff.

(Citations and punctuation omitted.) *City of Douglasville v. Queen*, 270 Ga. 770, 771 (1) (514 SE2d 195) (1999).

In the instant case, Eastside's claim is for towing and storing Calhoun's vehicle. However, Eastside has cited no cases, and we have found none, that would support a driver's common-law duty to a towing company such as Eastside where there is no contractual relationship between the two parties. Thus, Eastside cannot establish that Calhoun had a duty to it that she breached. See *City of Douglasville*, 270 Ga. at 771-772 (1). Additionally, Eastside had a remedy available to recover its

5

alleged towing and storage fees under OCGA §§ 40-11-19[1] and 40-11-19.1,[2] as part

_____

[1] OCGA § 40-11-19 (a) states in relevant part as follows:

(1) Within 15 calendar days of removal or initial storage of a motor vehicle, a towing and storage firm shall send all owners the notification letter form developed by the Council of Magistrate Court Judges for such purpose. Such notification shall be by certified mail or by hand delivery with acknowledgment of such receipt by signature of the owner and a copy of such owner's driver's license. Such notification letter shall include, at a minimum:

(A) The location of the vehicle;
(B) The fees connected with the removal of the vehicle . . .;
(C) The daily fees for storage of the vehicle . . .;
(D) A statement informing the recipient that daily fees will accrue until full payment has been made;
(E) A statement informing the recipient that the fees which are recoverable by a towing and storage firm include costs for obtaining the owner's information and notifying the owner, court filing costs, attorney's fees, and interest;
(F) A statement informing the recipient that the towing and storage firm has the right to petition a court to foreclose a lien for all amounts owed after ten calendar days from the date such notice is sent;
(G) A statement informing the recipient that a court may order the sale of the vehicle to satisfy the debt; and
(H) A form to disclaim ownership interest in the motor vehicle by oath or affirmation as set forth in Code Section 40-11-19.5.

[2] OCGA § 40-11-19.1 (a) provides that "[n]ot sooner than ten calendar days and not later than six months after compliance with the notice requirements set forth

6

of the Abandoned Motor Vehicle Act ("AMVA"). Indeed,

> [t]he intent of the General Assembly [in enacting the AMVA] is to provide a comprehensive and streamlined process for businesses removing motor vehicles from public rights of way and private or public property to recover the costs associated with this work while balancing the rights of a motor vehicle owner, when a motor vehicle has been abandoned or unclaimed.

OCGA § 40-11-12.

The trial court also properly dismissed Eastside's negligence per se claim asserted in its amended complaint. Eastside's negligence per se cause of action states that Calhoun "committ[ed] the offenses of reckless driving, speeding, failure to maintain a lane, passing on the shoulder, and following too close."

OCGA § 51-1-6 provides, "When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby." A plaintiff asserting a negligence per se claim must (1) "fall[] within the class of persons [the statute] was

---

in Code Section 40-11-19, a towing and storage firm . . . may file an action for a petition to foreclose a lien against the motor vehicle in any magistrate court in the county where the motor vehicle is located."

intended to protect and (2) [show] the harm complained of was the harm [the statute] was intended to guard against." (Citations omitted.) *Potts v. Fidelity Fruit & Produce Co.*, 165 Ga. App. 546, 547 (301 SE2d 903) (1983).

"[S]tatutes controlling the use and operation of vehicles on the public highways generally are for the protection of persons and property on or near such highways[.]" *Jones v. Dixie Drive It Yourself Sys.*, 97 Ga. App. 669, 671 (104 SE2d 497) (1958). Eastside, as the company that towed and stored Calhoun's disabled vehicle after the collision, is not within the class of persons that statutes controlling the use and operation of vehicles on the public highways were intended to protect. See *Potts*, 165 Ga. App. at 547; *Jones*, 97 Ga. App. at 671. Thus, its negligence per se claim is without merit.

2. Eastside also argues that the trial court erred in dismissing its bad faith claim against Calhoun. Eastside's bad faith cause of action stated:

26. [Eastside] has notified [Calhoun] and her insurance company of its demand for payment on numerous occasions.
27. [Eastside] has complied with the applicable requirements of subsections c, d, and g of § 33-4-7.
28. [Calhoun] has failed to take action to ensure that her insurance company has acted diligently to mitigate [Eastside's] damages.
29. [Calhoun] and her insurance company have acted in bad faith in failing to resolve the subject charges upon proper legal notice of the

8

same.

30. [Calhoun's] and her insurance company's actions constitute bad faith pursuant to O.C.G.A. § 33-4-7 and authorize damages associated with []such bad faith.

31. [Calhoun's] and her insurance company's actions further authorize reasonable attorney's fees and associated costs.

OCGA § 33-4-7 (a) provides in part that

[i]n the event of a loss because of injury to or destruction of property covered by a motor vehicle liability insurance policy, the insurer issuing such policy has an affirmative duty to adjust that loss fairly and promptly, to make a reasonable effort to investigate and evaluate the claim, and, where liability is reasonably clear, to make a good faith effort to settle with the claimant potentially entitled to recover against the insured under such policy. Any insurer who breaches this duty may be liable to . . . the claimant[.]

However, this code section applies to claims of bad faith against insurers, and not against individuals such as Calhoun. Id. This code section also limits its application to losses "because of injury to or destruction of property." Id.; see *Mills v. Allstate Ins. Co.*, 288 Ga. App. 257, 259 (653 SE2d 850) (2007) (rejecting proposed construction of OCGA § 33-4-7 that would make the modifying phrase "because of injury to or destruction of property" mere surplusage). Eastside does not allege that

9

it suffered injury to or destruction of property.[3] Thus, the trial court correctly dismissed Eastside's bad faith cause of action.

3. Eastside next contends that the trial court erred in dismissing its unjust enrichment claim against Calhoun. "Unjust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract, but . . . the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." (Citation and punctuation omitted.) *St. Paul Mercury Ins. Co. v. Meeks*, 270 Ga. 136, 137 (1) (508 SE2d 646) (1998). However, an equitable remedy is not available where a plaintiff has an adequate and complete remedy at law. See *Cantrell v. Henry County*, 250 Ga. 822, 824 (1) (301 SE2d 870) (1983). Eastside's unjust enrichment claim fails because

---

[3] To the extent that Eastside argues that it has made a valid bad-faith claim against Calhoun's liability insurer, such a claim would depend on a valid property-damage claim against Calhoun, which Eastside has not alleged. See *Morrison v. Kicklighter*, 329 Ga. App. 630, 633-634 (2) (d) (765 SE2d 774) (2014) ("Under . . . OCGA § 33-4-7 (d), before the jury considers a third-party claimant's action to recover bad faith penalties and attorney fees against a liability insurer . . . , the jury must first return a verdict on the property damage claim equal to or greater than the claimant's demand for settlement.").

.

Eastside had an adequate and complete statutory remedy in OCGA §§ 40-11-19 and 40-11-19.1, but chose not to utilize it.

These code sections set forth the statutory requirements for towing and storage companies to assert a lien for payment for their services and to recover for those services. OCGA § 40-11-19 (a) states in relevant part,

> Within 15 calendar days of removal or initial storage of a motor vehicle, a towing and storage firm shall send all owners the notification letter form developed by the Council of Magistrate Court Judges for such purpose. Such notification shall be by certified mail or by hand delivery with acknowledgment of such receipt by signature of the owner and a copy of such owner's driver's license. . . .

This section of the AMVA also lists specific notice requirements depending upon whether the owner is known or unknown. Id. OCGA § 40-11-19.1 then sets out how a towing and storage firm like Eastside can foreclose a lien against a motor vehicle it has towed and/or stored. OCGA § 40-11-19.1 (a) provides that

> [n]ot sooner than ten calendar days and not later than six months after compliance with the notice requirements set forth in Code Section 40-11-19, a towing and storage firm . . . may file an action for a petition to foreclose a lien against the motor vehicle in any magistrate court in the county where the motor vehicle is located.

11

"[L]ien statutes [such as the AMVA], being in derogation of the common law, are to be strictly construed against the lien claimant, and . . . strict compliance is required in order to enforce them." *Benning Constr. Co. v. Dykes Paving & Constr. Co.*, 263 Ga. 16, 18 (426 SE2d 564) (1993).

Eastside does not allege that it complied with the notice requirements of OCGA § 40-11-19 (a) (1). Instead, it argues that it "could have availed itself of the AMVA but did not." Eastside is correct that it was not *required* to file an action for a petition to foreclose a lien against the motor vehicle. See OCGA § 40-11-19.1 (a) ("Not sooner than ten calendar days and not later than six months after compliance with the notice requirements set forth in Code Section 40-11-19, a towing and storage firm . . . *may* file an action for a petition to foreclose a lien against the motor vehicle in . . . magistrate court . . .") (emphasis supplied). However, the notice requirements of OCGA § 40-11-19 (a) (1) are mandatory. See OCGA § 40-11-19 (a) (1) ("Within 15 calendar days of removal or initial storage of a motor vehicle, a towing and storage firm *shall* send all owners the notification letter form developed by the Council of Magistrate Court Judges for such purpose.") (emphasis supplied).[4]

---

[4] Although Eastside alleges that the attorney fees it would incur to pursue foreclosure of a lien against the vehicle would exceed the value of the vehicle, there is nothing in the statute to suggest that this fact would excuse Eastside from

12

Eastside had an adequate remedy under the AMVA but did not comply with its requirements. See OCGA § 40-11-19 (a). The trial court properly dismissed its unjust enrichment claim. See *Cantrell*, 250 Ga. at 824 (1).

4. Eastside further argues that the trial court erred in dismissing the case with prejudice. However, for the reasons previously discussed in Divisions 1-3, the trial court properly dismissed the case, and "[a] dismissal for failure to state a claim is a dismissal on the merits and is with prejudice." (Citation and punctuation omitted.) *Harris v. Deutsche Bank Nat'l Trust Co.*, 338 Ga. App. 838, 840, n.6 (792 SE2d 111) (2016). As to Eastside's contention that it "was not provided a full and fair opportunity to respond to the true nature of the hearing or motion [to dismiss]," this contention is belied by the record, which shows that Eastside responded to Calhoun's motion to dismiss, and Eastside participated in the hearing on the motion to dismiss.

5. Eastside argues that the AMVA is not the only means by which a towing and storage company may pursue a claim of damages against the owner of an abandoned vehicle. However, given our rulings in Divisions 1-4, supra, we need not address this argument.

*Judgment affirmed. Miller, P. J., and Land, J., concur.*

complying with the notice requirements of OCGA § 40-11-19 (a) (1).